THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIAM TONY WIDNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 5:04-cv-341 |
| | : | |
| WILLIAM DEAN, THEODORE | : | |
| WADDLE, DORIS WILLMER, | : | |
| E. CHARLES VICKERY, RICHARD | : | |
| LITTLE, MARK CHASTAIN, | : | |
| GUY RITTER, JR., GLORIA | : | |
| RASTON, and JOHN SWEITZER, | : | |
| individually, | : | |
| | : | |
| Defendants. | : | |

## ORDER ON DEFENDANTS' MOTION TO SET ASIDE

This case is currently before the United States Court of Appeals for the Eleventh Circuit on interlocutory appeal from this Court's Order of December 6, 2006, denying Defendants' motion for summary judgment. The Court of Appeals has stayed the appeal to allow the Defendants to file a motion, under Rule 60(b) of the Federal Rules of Civil Procedure, asking this Court to re-visit the question of whether Plaintiff's claims are barred by the doctrine of *res judicata*. In its Order denying summary judgment, the Court found that Plaintiff's claims were not barred because there had been no final adjudication in the state-court proceedings. Since the filing of the appeal, the state-court proceeding has been concluded with a decision of the Supreme Court of Georgia to deny Plaintiff's application for discretionary appeal. Upon completion of the state court proceedings, the Court finds that Plaintiff's claims in this case are now barred.

1

Accordingly, Defendants' motion to set aside the December 6, 2006 Order is hereby **GRANTED**. That Order (Doc. 72) is **VACATED**, and summary judgment is **GRANTED** in favor of Defendants.

This case was originally brought against the Georgia State Board of Registration for Professional Engineers and Land Surveyors ("the Board") and against all the members of the Board in their official and individual capacities, alleging violations of Plaintiff's free speech and due process rights under the First and Fourteenth Amendments to the United States Constitution. The Fourteenth Amendment claims and the claims against the Board and the Board members in their official capacities were dismissed, so that the only remaining claims before the Court on motion for summary judgment were the claims against the Board members in their individual capacities for violation of Plaintiff's First Amendment rights to engage in commercial speech. Plaintiff alleges that the Board members interfered with his rights by ordering him to cease publishing advertisements that listed "site engineering" and "engineering" among the services that Plaintiff provided. Plaintiff is not a licensed engineer. The Board determined that his use of the terms "site engineering" and "engineering" in his advertisements constituted an offer to practice professional engineering in violation of O.C.G.A. § 43-15-7(a).

After Plaintiff filed this case, the Board instituted a formal review of its decision before an Administrative Law Judge of the Office of State Administrative Hearings. On November 4, 2005, more than a year before the Court's Order on Defendants' motion for summary judgment, the ALJ entered an order recommending that Plaintiff "cease and desist" from using the term "site engineering" in his advertising materials and from claiming that he "prepares plans to meet engineering requirements." Plaintiff sought judicial review of the ALJ's decision in the Superior

2

Court of Bibb County, which denied his petition on March 20, 2006. Plaintiff subsequently applied for discretionary appeal first to the Court of Appeals of Georgia and then to the Supreme Court of Georgia. His application was finally denied by the Supreme Court on March 27, 2007.

In the December 12, 2006 Order, this Court denied Defendants' motion for summary judgment on the basis of *res judicata* because Plaintiff's application for discretionary appeal was still pending and there was therefore no final judgment in the matter. Now that the appellate procedure has been completed, there is a final judgment in the state court proceeding, and the Court finds that this judgment precludes litigation of Plaintiff's claims in this case.

As the Court observed in its December 12, 2006 Order, Georgia law governs the preclusive effect of the judgment of the state courts on an action in this Court. Under Georgia law, a subsequent action is barred if (1) the first action was adjudicated by a court of competent jurisdiction, (2) the two actions have an identity of parties and subject matter, and (3) the party against whom the doctrine of preclusion is asserted had a full and fair opportunity to litigate the issues in the first action. Int'l Biochemical Indus., Inc. v. Jamestown Mgmt. Corp., 262 Ga. App. 770, 774, 586 S.E.2d 442 (2003). All three requirements are met in this case.

The parties do not dispute that the Superior Court of Bibb County was a court of competent jurisdiction to hear the appeal of the Board's order for Plaintiff to cease advertising engineering services. It was competent to hear not only matters related to the state statutes and regulations, but also to hear Plaintiff's constitutional concerns:

> "The state courts are courts of equal dignity with all of the federal 'inferior courts' . . . and state courts have the same duty to interpret and apply the United States Constitution as we do. If the state courts err in that respect, the remedy lies in review by the Supreme Court, the same place a remedy may be found if we err."

Pompey v. Broward County, 95 F.3d 1543, 1550 (11th Cir. 1996).

3

There is an identity of subject matter between this case and the case in the state court. Both cases concern the validity of the Board's order regarding Plaintiff's advertising representations. Georgia law provides that a judgment is conclusive "as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered." O.C.G.A. § 9-12-40. See, also, Webb v. City of Atlanta, 228 Ga. App. 278, 491 S.E.2d 492 (1997). In the state court case, Plaintiff affirmatively raised the same constitutional argument that he has raised in this case – that the Board's decision violated his First Amendment right to freedom of commercial speech. See, Doc. 66, Defendants' Reply Brief in Support of Motion for Summary Judgment, Ex. B.

There is also an identity of parties in this case. The prior judgment precludes further proceedings on Plaintiff's claims even though the individual members of the Board who are Defendants in this case were not named as parties in the state case. The Board was a party, and the members of the Board are privies of the Board with regard to this case. Under Georgia law, a judgment is conclusive "between the same parties and their privies." O.C.G.A. § 9-12-40. Georgia courts have defined privies to include parties who share the same interests with the named party:

> Generally speaking, privies are those legally represented at trial. Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right; and where this identity is found to exist, all are alike concluded and bound by the judgment. . . . Before privity can be established, the interests of the party must fully "represent" the interests of the privy and be fully congruent with those interests.

Pinkard v. Morris, 450 S.E.2d 297, 298, 450 S.E.2d 330 (1994). Such privity exists in this case because the Board is comprised of its individual members, and any decision of the Board is nothing other than collective decision of its members. The Board had the same interest in the state case as the members of the Board have in this case: to show that the Board's decision was consistent with

4

the laws of Georgia and the United States Constitution. The Board was represented by the same counsel that has represented the members of the Board in this case. To the extent that the decision of the Board was found to be legal and constitutional, the members of the Board cannot be held liable for violating Plaintiff's rights.

Finally, Plaintiff had a full and fair opportunity to litigate his constitutional claims in the state action. The record shows that Plaintiff did in fact raise those issues and make his constitutional arguments before the Superior Court. Although the Superior Court did not explicitly address those constitutional issues in its short order affirming the decision of the ALJ, Plaintiff did have the opportunity to make those arguments, both in writing and in the hearing before the court on March 15, 2006. See, Doc. 66, Defendants' Reply Brief in Support of Motion for Summary Judgment, Ex. B. In affirming the Board's decision, the Superior Court implicitly rejected those constitutional arguments.

Because the final judgment of the Georgia courts has *res judicata* effect and precludes the claims that Plaintiff has raised in this case, the Court finds that the Defendants are entitled to relief from the operation of the Order denying summary judgment, under Rule 60(b)(6) of the Federal Rules of Civil Procedure. That Order (Doc. 72) is hereby **VACATED** and Defendants' motion for summary judgment is **GRANTED**.

**SO ORDERED**, this 6th day of November, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

chw